of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

**FENG XIU QIU–LIN, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney General,[1] Respondent.**

**No. 05–4197–ag.**

United States Court of Appeals, Second Circuit.

May 5, 2008.

Feng Xiu Qiu–Lin, Monterey Park, CA, pro se.

Richard B. Roper, United States Attorney; Mark T. Pittman, Assistant United States Attorney, Dallas, TX, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSÉ A. CABRANES, Hon. SONIA SOTOMAYOR, Circuit Judges.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

## SUMMARY ORDER

Feng Xiu Qiu–Lin, a native and citizen of the People's Republic of China, seeks review of a July 13, 2005 order of the BIA affirming the March 30, 2004 decision of Immigration Judge ("IJ") Alan Vomacka, which denied her application for relief under the Convention Against Torture ("CAT"). *In re Feng Xiu Qiu–Lin,* No. A78 953 306 (B.I.A. July 13, 2005), *aff'g* No. A78 953 306 (Immig. Ct. N.Y. City Mar. 30, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, we review the IJ's decision as the final agency determination. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, and we treat those findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Delgado v. Mukasey,* 508 F.3d 702, 705 (2d Cir. 2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

We find no error in the agency's denial of Qiu–Lin's CAT claim—a claim predicated on Qiu–Lin's assertion if returned to China that she would, more likely than not, be arrested and tortured as a result of illegally departing her native country in the first place. We have held that an applicant cannot demonstrate that he or she is more likely than not to be tortured "based solely on the fact that [he or she] is part of the large class of persons who have left China illegally" and on generalized

evidence indicating that torture occurs in Chinese prisons. *Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005).

Here, Qiu–Lin provided no basis for the IJ to conclude that she, or someone in her "particular alleged circumstances," faces an elevated risk of torture. *See Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 143–44 (2d Cir.2003). Although she submitted evidence that some repatriated Chinese citizens are detained, Qiu–Lin failed to show that a person in her particular circumstance is more likely than not to be detained and tortured. *See Mu Xiang Lin,* 432 F.3d at 158–59. Accordingly, we leave undisturbed the agency's finding that Qiu–Lin failed to meet the burden of proof for her CAT claim. *See Mu–Xing Wang,* 320 F.3d at 143–44.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).